IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CNH INDUSTRIAL CAPITAL**                                                    **PLAINTIFF**
**AMERICA LLC**

**v.**                                    **CASE NO. 4:22-CV-00399-BSM**

**VENTURE EQUIPMENT LLC,** *et al.*                                      **DEFENDANTS**

## <u>ORDER</u>

The Eighth Circuit remanded for the district court to make two findings.  First, will CNH Industrial Capital receive a windfall double recovery if its jury verdict is not reduced? *CNH Indus. Cap. Am. LLC v. Venture Equip. LLC*, No. 24-3511, 2026 WL 381166 (8th Cir. Feb. 11, 2026).  Second, is Arkansas Code Annotated section 4-59-209 a statute of limitations or statute of repose? *Id.*  The answer to question one is "yes" and the answer to question two is "statute of repose."

## I.  DOUBLE RECOVERY

Arkansas Code Annotated section 4-59-208(c) provides that "the judgment must be for an amount equal to the value of the asset at the time of the transfer subject to adjustment as the equities may require."  At trial, it was established that $855,232.14 was transferred to Damon Merritt.  CNH's expert acknowledged, however, that except for approximately $40,000,  all of the money was returned.  Merritt asserts that a failure to reduce the verdict against him by the amount he paid back will cause CNH to receive a double recovery.  In response, CNH argues that it will not receive a double recovery because Merritt is jointly and severally liable with the other defendants for his portion ($855,232.14) of the total judgment

in the amount of $9,459,321.83. It also argues that it has been able to recover only $9,437.32 from Merritt so it is unlikely to ever recover the full amount of the judgment against him.

Although Merritt's motion for relief from the judgment [Doc. No. 387] was denied post trial [Doc. No. 392], that order is reconsidered. Having re-examined the record at the Eighth Circuit's direction, it appears that CNH will receive a double recovery if it actually collects the entire $9,459,321.83 judgment, including the $855,232.14 against Merritt. Consequently, the judgment should be reduced by the amount of money that Merritt returned to CNH.

## II. STATUTE OF LIMITATIONS OR REPOSE

Although it is unclear, Arkansas Code Annotated section 4-59-209 appears to be a statute of repose. This ruling lacks certitude because the statute is facially unclear as to whether it is a statute of limitations or repose and neither the Arkansas Supreme Court nor the Arkansas Court of Appeals has taken up the question. "A statute of limitation[s] is a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 114 S.W.3d 189, 218 (Ark. 2003). Although it bars the available remedy, it does not extinguish the underlying obligation. *Id.* On the other hand, a statute of repose extinguishes the actual obligation, not just the remedy. It provides a date that the "action no longer exists, whether it has accrued by that date or not." *Id*. at 217. Indeed, a statute of repose typically cannot be tolled. *Id.* at 200.

Section 4-59-209 provides:

[a] claim for relief with respect to a transfer or obligation under this subchapter is extinguished unless action is brought: (a) under § 4-59-204(a)(1), not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant; [or] (b) under § 4-59-204(a)(2) or § 4-59-205(a), not later than four years after the transfer was made or the obligation was incurred.

Ark. Code. Ann. § 4-59-209. CNH argues this is clearly a statute of limitations because it starts the limiting clock at the time the claim becomes legally enforceable or at the time of discovery, and it includes a tolling provision. *Ray & Sons Masonry Contractors, Inc* 114 S.W.3d at 199–200 (a statute of repose runs from the specific event of accrual and is an absolute limit that cannot be tolled for any reason). At the same time, Merritt argues this is clearly a statute of repose because it extinguishes the claim itself, not just the remedy, and it provides an absolute bar to the right asserted. *Id.* at 199 (a statute of limitations does not extinguish the obligation, but only the remedy). Merritt also points out that the date of transfer, and not the date of accrual, triggers the running of time, which shows it is a statute of repose.

Section 4-59-209 has indicia of both a statute of limitations and a statute of repose. Although the Arkansas Supreme Court has not addressed this issue, the Arkansas Court of Appeals has intimated, but not actually held, that it is a statute of repose. *See McMahen v. Robinson*, 521 S.W.3d 510, 514–15 (Ark. Ct. App. 2017) (holding that cause of action under the statute was "extinguished" and appellee was barred from making the claim). Moreover, section 4-59-209 is modeled after the Uniform Voidable Transfer Act (UVTA) section 9, which is a statute of repose. *See* Unif. Voidable Transactions Act § 9 (Unif. L. Comm'n

3

2014); Voidable Transactions: Common Defenses: Statute of Repose, WESTLAW PRACTICAL LAW PRACTICE NOTE, https://us.practicallaw.thomsonreuters.com/w-018-7689?documentSection=co_anchor_a446286 (last visited Jun. 30, 2026). ("The statute of repose, not a statute of limitations, governs the time limit to bring a claim under the . . . UVTA. Nevertheless, courts sometimes casually refer to the provision as a statute of limitations in cases where the distinction is irrelevant."). Finally, state courts in California, Florida, and have Texas interpreted their versions of the UVTA as statutes of repose as have federal courts in Illinois, Massachusetts, New Jersey, and Pennsylvania. *See PGA W. Residential Assn., Inc. v. Hulven Internat., Inc.*, 221 Cal. Rptr. 3d 353, 373 (Cal. Ct. App. 2017); *Nat'l Auto Serv. Centers, Inc. v. F/R 550, LLC*, 192 So. 3d 498, 510–11 (Fla. Dist. Ct. App. 2016); *Nathan v. Whittington,* 408 S.W.3d 870, 847 (Tex. 2013); *In re Sandburg Mall Realty Mgmt. LLC*, 563 B.R. 875, 898 (Bankr. C.D. Ill. 2017); *In re Dehon, Inc*., No. 02-41045, 2004 WL 2181669 at *2 (Bankr. D. Mass. Sept. 24, 2004); *MSKP Oak Grove, LLC v. Venuto, No. CIV.A.* 10-6465 JBS, 2014 WL 4385979 at *5 (D.N.J. Sept. 5, 2014); *In re Jamuna Real Est. LLC*, 365 B.R. 540, 567 (Bankr. E.D. Pa. 2007).

IT IS SO ORDERED this 1st day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE